UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF KENTUCKY
NORTHERN DIVISION
at ASHLAND

Civil Action No. 12-106-HRW

ALVIN HENSLEY, PLAINTIFF,

v. **MEMORANDUM OPINION AND ORDER**

MICHAEL J. ASTRUE
COMMISSIONER OF SOCIAL SECURITY, DEFENDANT.

Plaintiff has brought this action pursuant to 42 U.S.C. §405(g) to challenge a final decision of the Defendant denying Plaintiff's application for disability insurance benefits and supplemental security income benefits. The Court having reviewed the record in this case and the dispositive motions filed by the parties, and being otherwise sufficiently advised, for the reasons set forth herein, finds that the decision of the Administrative Law Judge is supported by substantial evidence and should be affirmed.

## I. FACTUAL BACKGROUND AND PROCEDURAL HISTORY

Plaintiff filed his current application for disability insurance benefits and supplemental security income benefits on July 30, 2010, alleging disability beginning on January 20, 2010, due to depression, anxiety and polymorphous light eruption (Tr. 227 ). This application was denied initially and on reconsideration

(Tr. 101-102, 108-109). On September 14, 2011, an administrative hearing was conducted by Administrative Law Judge Jerry Meade (hereinafter "ALJ"), wherein Plaintiff, accompanied by counsel, testified. At the hearing, Dwight McMillion, a vocational expert (hereinafter "VE"), also testified.

At the hearing, pursuant to 20 C.F.R. § 416.920, the ALJ performed the following five-step sequential analysis in order to determine whether the Plaintiff was disabled:

> Step 1: If the claimant is performing substantial gainful work, he is not disabled.
>
> Step 2: If the claimant is not performing substantial gainful work, his impairment(s) must be severe before he can be found to be disabled based upon the requirements in 20 C.F.R. § 416.920(b).
>
> Step 3: If the claimant is not performing substantial gainful work and has a severe impairment (or impairments) that has lasted or is expected to last for a continuous period of at least twelve months, and his impairments (or impairments) meets or medically equals a listed impairment contained in Appendix 1, Subpart P, Regulation No. 4, the claimant is disabled without further inquiry.
>
> Step 4: If the claimant's impairment (or impairments) does not prevent him from doing his past relevant work, he is not disabled.
>
> Step 5: Even if the claimant's impairment or impairments prevent him from performing his past relevant work, if other work exists in significant numbers in the national economy that accommodates his residual functional capacity and vocational factors, he is not disabled.

On October 6, 2011, the ALJ issued his decision finding that Plaintiff was not disabled (Tr. 27-38). He has a high school education and his relevant work experience consists of work as a car detailer and car salesman (Tr. 49, 54).

At Step 1 of the sequential analysis, the ALJ found that Plaintiff had not engaged in substantial gainful activity since the alleged onset date of disability and that he meets the insured status requirements through June 30, 2011 (Tr.29, Findings No. 1 and 2).

The ALJ found that Plaintiff had the following impairments that were severe pursuant to 20 C.F.R. §§ 404.1520( c), 416.920(c):1 polymorphous light eruption syndrome (PLES); generalized anxiety disorder; major depressive disorder; somatoform disorder; and personality disorder (Tr. 29, Finding No. 3). However, the ALJ found Plaintiff did not have an impairment or combination of impairments that met or medically equaled one of the listed impairments in 20 C.F.R. Part 404, Subpart P, Appendix 1 (the listings) (Tr. 30, Finding No. 4).

The ALJ also found Plaintiff had the residual functional capacity (RFC) to perform a full range of work at all exertional levels (Tr. 31, Finding No. 5). However, the ALJ found Plaintiff had several nonexertional limitations. The ALJ found Plaintiff must avoid concentrated exposure to irritants such as fumes, odors, dusts, gases, and poorly ventilated areas (Tr. 31, Finding No. 5). Additionally, the

3

ALJ found Plaintiff must avoid exposure to the sun that lasts more than 15 minutes (Tr. 31, Finding No. 5). The ALJ further found Plaintiff could understand and remember familiar, detailed instructions and procedures that require only brief learning periods (Tr. 31, Finding No. 5). The ALJ also found Plaintiff could sustain concentration, effort, and pace to perform familiar detailed tasks that require only some independent judgment involving minimal variations (Tr. 31, Finding No. 5). Further, the ALJ found Plaintiff could no more than occasionally interact with the public and no more than frequently interact with supervisors and peers (Tr. 32, Finding No. 5). Moreover, the ALJ found Plaintiff could adapt adequately to work situations, conditions, and changes as long as there is reasonable support and structure (Tr. 32, Finding No. 5).

With the foregoing RFC, the ALJ found Plaintiff could not perform his past relevant work (Tr. 36, Finding No. 6). However, based on testimony from a vocational expert (VE), in conjunction with the Medical-Vocational Guidelines provided at 20 C.F.R. Part 404, Subpart P, Appendix 2, the ALJ found Plaintiff could perform a significant number of jobs that exist in the national economy (Tr. 36, Finding No. 10).

Thus, the ALJ found Plaintiff not disabled (Tr. 37, Finding No. 11).

The Appeals Council denied Plaintiff's request for review and adopted the

ALJ's decision as the final decision of the Commissioner. Plaintiff thereafter filed this civil action seeking a reversal of the Commissioner's decision. Both parties have filed Motions for Summary Judgment [Docket Nos. 12 and 13] and this matter is ripe for decision.

## II. ANALYSIS

### A. Standard of Review

The essential issue on appeal to this Court is whether the ALJ's decision is supported by substantial evidence. "Substantial evidence" is defined as "such relevant evidence as a reasonable mind might accept as adequate to support a conclusion;" it is based on the record as a whole and must take into account whatever in the record fairly detracts from its weight. *Garner v. Heckler*, 745 F.2d 383, 387 (6th Cir. 1984). If the Commissioner's decision is supported by substantial evidence, the reviewing Court must affirm. *Kirk v. Secretary of Health and Human Services*, 667 F.2d 524, 535 (6th Cir. 1981), *cert. denied*, 461 U.S. 957 (1983). "The court may not try the case *de novo* nor resolve conflicts in evidence, nor decide questions of credibility." *Bradley v. Secretary of Health and Human Services*, 862 F.2d 1224, 1228 (6th Cir. 1988). Finally, this Court must defer to the Commissioner's decision "even if there is substantial evidence in the record that would have supported an opposite conclusion, so long as substantial evidence

5

supports the conclusion reached by the ALJ." *Key v. Callahan,* 109 F.3d 270, 273 (6th Cir.1997).

## B. Plaintiff's Contentions on Appeal

Plaintiff contends that the ALJ's finding of no disability is erroneous because: (1) the ALJ did not properly account for his age and (2) the ALJ did not assign proper weight to the opinions of the consultative examiners.

## C. Analysis of Contentions on Appeal

Plaintiff's first claim of error is that the ALJ did not properly account for his age.

The Commissioner faces a heavier burden when denying disability benefits to older claimants. For persons "approaching advanced age" (50–54), the regulations recognize that age, in conjunction with a severe impairment and limited work experience, may seriously affect their ability to adjust to significant numbers of jobs in the economy. 20 C.F.R. § 404.1563 ( c)). People of advanced age (55 and over) are considered at an age which significantly affects their ability to do substantial gainful activity; if they are severely impaired and cannot do medium work, they must have skills that can be transferred to less demanding jobs which exist in significant numbers in the national economy. 20 C.F.R. §

404.1563(d). Finally, for claimants close to retirement age, the regulations provide: "If you are close to retirement age (60–64) and have a severe impairment, we will not consider you able to adjust to sedentary or light work unless you have skills which are highly marketable.". 20 C.F.R. § 404.1563(d).

In this case, on the alleged onset date of disability, Plaintiff was 54 years of age, and 7 days shy of 55. He argues that the ALJ should have considered him to be of "advanced age", rather than "closely approaching advanced age." However, Plaintiff fails to demonstrate how, had the ALJ considered him of "advanced age", the ultimate determination would have differed. There is no argument, simply a conclusion. " Issues adverted to in a perfunctory manner, unaccompanied by some effort at developed argumentation, are deemed waived. It is not sufficient for a party to mention a possible argument in the most skeletal way, leaving the court to ... put flesh on its bones." *McPherson v. Kelsey*, 125 F.3d 989, 995-996 (6th Cir. 1997) (citations omitted); *United States v. Phibbs*, 999 F.2d 1053, 1080 n. 12 (6th Cir. 1993)(noting that "it is not our function to craft an appellant's arguments").

Moreover, it is clear that by properly stating Plaintiff's birth date and age on his alleged onset date (Tr. 36), the ALJ acknowledged he was aware of Plaintiff's age on the date of his decision. *See Bowie v. Comm'r of Soc. Sec.*, 539 F.3d 395, 400 n.5 (6th Cir. 2008) (stating it is "fair to assume" an ALJ is aware of

conclusions that arise from a claimant's birth date and age when the ALJ properly notes the claimant's birth date and age). Further, in asking his hypothetical question to the VE, the ALJ asked the VE to consider a hypothetical individual of Plaintiff's age (Tr. 54), and the VE obviously was aware of Plaintiff's age because Plaintiff's attorney stated Plaintiff's age at the beginning of the administrative hearing (Tr. 47). Thus, in relying on the VE's response to the hypothetical question to find Plaintiff could perform a significant number of jobs that exist in the national economy (Tr. 37), the ALJ accounted for Plaintiff's age. As such, the Court finds no error in this regard.

Plaintiff's second claim of error is that the ALJ did not assign proper weight to the opinions of the consultative examiners.

In this case, there was no evidence provided by a treating source. However, there were three psychological consultative examinations performed, by Phil Pack, M.S., Barry Adkins, M.A. and Andrea Evans, Psy.D. and the opinions rendered are in the record. The ALJ assigned greater weight to the opinion of Dr. Evans, over that of Mr. Pack and Mr. Adkins. Plaintiff disagrees with the ALJ.

It is the duty of the ALJ, as the trier of fact, to resolve conflicts in the medical evidence . *Richardson v. Perales*, 402 U.S. 389, 399 (1971) "It is the

8

ALJ's place, and not the reviewing court's, to resolve conflicts in evidence." *Collins v. Comm'r of Soc. Sec.*, 357 F. App'x 663, 670 (6th Cir. 2009)

The opinons of Mr. Pack and Mr. Adkins were more favorable to Plaintiff than that of Dr. Evans. The ALJ resolved the conflict in favor of Dr. Evans's opinion because Mr. Pack and Mr. Adkins did not consider Plaintiff's failure to comply with treatment in their opinions while Dr. Evans did (Tr. 35). Indeed, Mr. Pack and Mr. Adkins did not discuss Plaintiff's noncompliance with treatment anywhere in their opinions (Tr. 486-95, 497-505), despite the fact, as evident from Dr. Evans's opinion, Plaintiff readily admitted he was not complying with his treating mental health provider's suggestions (Tr. 359, 361-62). It was within the ALJ's discretion to resolve the conflicting medical evidence in favor of Dr. Evans for this reason. There is no error. The Court is mindful of the scope of its review. "If the ALJ's decision is supported by substantial evidence, then reversal would not be warranted even if substantial evidence would support the opposite conclusion." *Bass v. McMahon*, 499 F.3d 506, 509 (6th Cir. 2007). Dr. Evans' report provides substantial evidence to support the ALJ's decision. The fact that there exists other evidence which would support the opposite conclusion does not detract from the evidentiary value of Dr. Evans' opinion.

9

## III. CONCLUSION

The Court finds that the ALJ's decision is supported by substantial evidence on the record. Accordingly, it is **HEREBY ORDERED** that the Plaintiff's Motion for Summary Judgment be **OVERRULED** and the Defendant's Motion for Summary Judgment be **SUSTAINED**. A judgment in favor of the Defendant will be entered contemporaneously herewith.

This 14th day of March, 2014.

Signed By:
Henry R. Wilhoit, Jr.
United States District Judge

Henry R. Wilhoit, Jr., Senior Judge

10